IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOLMES, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-cv-450-SRW |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
|    Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Michael Holmes commenced this action on May 1, 2018, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his application for Supplemental Security Income insurance benefits ("SSI"). *See* Doc. 1; Doc. 13. In his application protectively filed February 24, 2015, plaintiff alleged disability as of February 15, 2014, because of "6 bulging discs, 3 nerve bundles damaged, compressed spine," "back injury," "depression," "nerve damage," "can[']t walk," "frustration can[']t complete simple task," "in pain so I am always in a bad mood (anger)," "no feeling in complete left leg," "compressed spine," "6 bulging and ruptured disc[s]," and "pain so bad I usually pass out falling on my face." *See* R. 106–11, 137. On May 3, 2017, Administrative Law Judge David L. Horton ("the ALJ") issued an adverse decision

---

[1] For purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

after holding a hearing on March 6, 2017, on the plaintiff's application.[2] *See* R. 17–28, 32–43. The Appeals Council denied plaintiff's request for review on January 29, 2018, and the ALJ's decision became the final decision of the Commissioner. *See* R. at 1–6.

In the instant appeal, plaintiff asks the court to reverse the Commissioner's adverse decision and award benefits or, in the alternative, remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 13 at 13–14. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c); *see also* Docs. 9, 10. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed.

In addition, plaintiff moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 241(d). *See* Doc. 13 at 13. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the plaintiff also requests an extension of time to file a motion for attorney's fees under 42 U.S.C. § 406(b). *See id*. These motions will be denied.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221

---

[2] Attorney Melissa Horner, Esq., appeared with the plaintiff at the hearing before the ALJ. *See* R.32. Plaintiff is represented before this court by Brian Carmichael, Esquire. Doc. 1.

(11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for SSI, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 416.905(a). To establish an entitlement to disability benefits, a claimant must

provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562–63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, [he] will automatically be found disabled if [he] suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform [his] work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## ALJ'S DECISION

The ALJ first found that plaintiff has not been engaged in substantial gainful activity since February 24, 2015, the application date. R. 19. At step two, the ALJ concluded that plaintiff suffers from degenerative disc disease and T12 compression fracture. *Id.* The ALJ next determined that the plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. R. 21. The ALJ indicated that he considered all of the plaintiff's impairments individually and collectively in assessing the plaintiff's residual functional capacity ("RFC"). *See* R. 21–24.

The ALJ made the following RFC determination:

[T]he claimant has the [RFC] to perform light unskilled work as defined in 20 CFR [§] 416.967(b) except work not requiring complex instructions or procedures; no climbing of ropes, ladders, or scaffolds; no work at unprotected heights or with hazardous machinery; no more than occasional stooping, crouching, or crawling; no more than occasional overhead reaching with the non-dominant left upper extremity; no more than occasional climbing of ramps and stairs; and no more than frequent interaction with co-workers, supervisors, and the general public.

R. 21. At step four, the ALJ found that plaintiff has no past relevant work. R. 24. Given plaintiff's age, experience and RFC, the ALJ determined at step five, with the assistance of vocational expert ("VE") testimony, that there were jobs that exist in significant numbers in the national economy that the plaintiff could perform. R. 24–25. Specifically, the VE identified representative jobs such as cashier, counter clerk, and rental clerk. R. 24. The ALJ's findings resulted in a determination that the plaintiff "has not been under a disability … since February 24, 2015, the date the application was filed." R. 25.

# ADMINISTRATIVE HEARING

Plaintiff was 36 years old at the time of the administrative hearing on March 6, 2017. R. 36. He has a GED and has not worked since July 2009 due to injuries from a motor vehicle accident.[3] *Id.* When asked the main reason he is not able to work today, plaintiff responded, "I can barely use my leg at times. It goes out on me." R. 37. According to plaintiff, his doctors have told him that eventually he will need a wheelchair because he will be paralyzed. *Id.* Plaintiff presented at the hearing with a cane that was prescribed by Dr. Gosh from Dole's Pain Clinic, whom he last saw in 2009. *Id.* Plaintiff said that he was prescribed the cane based on the MRI of his back, the nerve conduction studies, and the fact that he was going to be on medication.[4] R. 37–38. Plaintiff testified that he has problems with his lower back, left leg, neck, and left arm. R. 38. When asked about his cervical spine, plaintiff stated that he holds his cane in his left hand, and the more he uses

---

[3] Plaintiff was also involved in a more recent automobile accident on May 29, 2015, that, according to his counsel, exacerbated his neck and back pain. R. 35. Counsel sought to amend the disability onset date to the date of the accident; the ALJ said that he would take it under advisement, but amending the onset date was not discussed in the ALJ's decision. *See id.; see also* R. 17 (onset date identified as February 15, 2014). Social Security Rules define the onset date of disability as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83–20. Factors considered in determining the onset date include a claimant's allegations, work history, and medical and other evidence related to the severity of the impairment. *Id.* Plaintiff does not specifically raise this issue as a basis of error. Thus, to the extent that plaintiff intended to challenge the ALJ's failure to amend the onset date, the argument has been waived as inadequately developed. *See T.R.C. ex rel. Boyd v. Comm'r*, 553 F. App'x 914, 919 (11th Cir. 2014) (citing *N.L.R.B. v. McClain of Ga.*, 138 F.3d 1418, 1422 (11th Cir. 1988) (issues raised in perfunctory manner generally deemed waived). In any event, an ambiguity in the onset date used is immaterial if the ALJ's decision would result in a finding of no disability using either date. *See, e.g., Alexander v. Comm'r of Soc. Sec.*, 435 F. App'x 813, 817 (11th Cir. 2011).

[4] Plaintiff testified that he is not currently on any medication. R. 38.

that hand, it becomes numb and he has to switch to his right hand. *Id*. He is right-hand dominant. *Id.*

Plaintiff lives with his girlfriend, his child, and his mother. R. 38. His girlfriend takes care of him and his child. *Id*. On a typical day, he does as little as possible. *Id*. He can drive, but usually no more than 40 minutes. *Id.*

In response to questioning from his attorney, plaintiff testified that he can sit for 20 to 30 minutes before needing to stand and can stand for 15 to 20 minutes before needing to sit. R. 39. The most he can lift is a gallon of milk and the farthest he can walk is about a block. *Id.* The pain he experiences affects his sleep and concentration. *Id.* His pain level is at an eight or nine, unless he's lying down, then it is at a seven. R. 40. He spends three to four hours lying down during the day. R. 39–40. His most recent motor vehicle accident of May 29, 2015, made his pain much worse. R. 40–41. A combination of both neck and back problems cause his pain. R. 40.

After establishing that plaintiff had no past relevant work, the ALJ next took testimony from a VE. R. 41–43. The VE was asked to assume a hypothetical individual of plaintiff's age, education, and no work experience, who can perform limited light unskilled work not requiring complex instructions or procedures; who cannot climb ladders, ropes, or scaffolds and cannot work at unprotected heights or near hazardous machinery; and who is limited to no more than occasional stooping, crouching, crawling, and reaching with the left upper extremity; occasional climbing of ramps and stairs; and no more than frequent interaction with coworkers, supervisors, and the general public. R. 41. Based on this hypothetical individual, the VE identified potential jobs available in the national economy

7

that the individual could perform, including cashier, counter clerk, and rental clerk. R. 42. If the individual was off task 20 percent of the day, needed to lie down during the workday, or would miss three or more days of work per month, the VE testified that there would be no competitive employment available. R. 42–43.

## ISSUES ON APPEAL

Plaintiff raises two arguments in support of this appeal: (1) "the ALJ erred by failing to discuss meaningfully how [plaintiff's] large left paracentral disc protrusion/osteophyte complex at C6-7 producing severe spinal stenosis and severe left neural foraminal stenosis of the cervical spine would affect his ability to perform work"; and (2) "the ALJ erred by failing to properly reject [plaintiff's] pain testimony." Doc. 13 at 3. The Commissioner maintains that the decision should be affirmed because the ALJ's RFC and evaluation of plaintiff subjective allegations are supported by substantial evidence. *See* Doc. 16. The court agrees with the Commissioner.

## DISCUSSION

As noted above, plaintiff raises two issues on appeal. In sum, he contests the ALJ's RFC and credibility findings. Regarding both issues, plaintiff contends that the ALJ failed to consider and appropriately credit his testimony as to limitations caused by his cervical disc and resulting neck pain. In his first argument, plaintiff maintains that the ALJ treats this as a "back case only," arguing that the ALJ failed to discuss meaningfully the significance of his neck injury. Of note, plaintiff does not complain the ALJ failed to discuss his neck injury at all. Rather, his complaint is that the ALJ did not discuss it adequately. In his decision, the ALJ notes that "[a]n MRI of [plaintiff's] cervical spine

from July 2015 showed a disc protrusion/osteophyte at the C6-7 level (Exhibits B9F; B14F)" R. 23. Plaintiff submits that the MRI actually revealed:

> Large left paracentral disc protrusion with accompanying spurs producing severe spinal stenosis with AP spinal diameter of 6.6mm. Associated cord compression. The disc extends into the neural foramen producing severe left foraminal stenosis. There is moderate right foraminal stenosis due to uncovertebral spurring.

Doc. 13 at 8–9 (quoting R. 385). Although the ALJ did not cite the MRI results verbatim, he discussed them generally and referenced the exhibit from which they came. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision, so long as the ALJ's decision" enables the court "to conclude that [the ALJ] considered [the plaintiff's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quoting *Foote*, 67 F.3d at 1561).

This is not a situation where the court is unable to tell whether the ALJ considered the evidence. Here, it is clear that the ALJ reviewed the medical evidence at issue, as he cited to the cervical spine MRI report (Exhibit 9F) and generally discussed the MRI findings. *See* R. 23. The ALJ noted that plaintiff received physical therapy for a few months in 2015 and a steroid injection in his cervical spine to address his cervical degenerative disc disease in December 2015. *Id.* Further, the ALJ discussed plaintiff's treatment at St. Vincent's in 2015 and 2016 and his visits to Centennial Neurology for neck pain in 2016, noting that the examination showed generally normal findings.[5] R. 23. He also noted the 2016 MRI of the cervical spine. *Id.* In assessing plaintiff's RFC, the ALJ accommodated

---

[5] While plaintiff's gait, reflexes, muscle tone and strength were normal, his examination was positive for episodic headaches and episodic tremors on the left arm. R. 412.

for plaintiff's shoulder pain and strain by limiting him to performing no more than occasional overhead reaching with the non-dominant left upper extremity,[6] and any concentration or mood issues stemming from his pain were addressed by the limitations to unskilled work that does not require complex instructions or procedures, and no more than frequent interaction with co-workers, supervisors, and the general public. *See id.* Despite plaintiff's pain complaints, the ALJ observed that he has not been recommended for surgery nor has he been on an aggressive pain medication regimen. *Id.* In fact, at the hearing, plaintiff testified that he was not taking any medication. R. 38.

The decision reflects that the ALJ considered all the records, including those related to plaintiff's cervical injuries. Plaintiff seems to recognize this, but criticizes the ALJ's failure to discuss more fully and assess greater weight to the cervical injuries and their impact on plaintiff's ability to work. While the court may prefer more extended discussion of the records related to plaintiff's cervical injuries, a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer*, 395 F.3d at 1210. Even where a preponderance of the evidence supports alternative conclusions, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*.

"The [RFC] is an assessment, based upon all of the relevant evidence, of a [plaintiff's] remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. § 416.945(a) (a person's RFC "is the

---

[6] Plaintiff's medical records directly correlate the limitations in the left upper extremity to his complaints of neck pain. *See* R. 412.

most you can still do despite your limitations"). The final responsibility for deciding a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d), 416.927(d). After consideration of the entire record, the ALJ found that plaintiff has the RFC to perform a limited range of light work. R. 21. Again, while the medical evidence could plausibly support a different conclusion, the ALJ's RFC findings are based on substantial evidence that is cited and discussed in the ALJ's written decision. Accordingly, the Commissioner's decision is due to be affirmed on the first issue.

Plaintiff next argues that the ALJ erred in failing to credit his testimony regarding the effects of cervical problems on his ability to work. In this circuit, to demonstrate that pain or symptoms of an underlying medical condition render him disabled, a plaintiff must satisfy what has come to be known as the "pain standard." *Mack v. Comm'r of Soc. Sec.*, 420 F. App'x 881, 883 (11th Cir. 2011); *see also Vonboeckman v. Colvin*, 2014 WL 6239598, at *5 (N.D. Ala. Nov. 13, 2014); Social Security Regulation 96-7p (SSR 96-7p), 1996 WL 374186 (July 2, 1996). Under that standard, the plaintiff must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th

Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

In making his credibility determination here, the ALJ found that "the [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 22. The ALJ went on to explain:

> The [plaintiff's] allegation of disability is not wholly consistent with the evidence of record as a whole. Specifically, while the [plaintiff] had some objective views showing back degenerative disc disease and a thoracic spine disc compression fracture, he had normal to mild/moderate examination findings. For example, he had normal findings such as having [ ] no tenderness in his spine, negative straight leg raise testing bilaterally, normal ranges of motion in his joints, normal fine and gross manipulation, and normal heel and toe walking. While he occasionally walked with a cane, he was able to ambulate on these occasions. In addition, he has not been recommended to be a surgical candidate and has not been on an aggressive pain medication regimen. Moreover, he has not had any frequent or recurrent hospitalizations. He has not been advised to refrain from performing all gainful work activity due to his physical impairments.
>
> In sum, the above residual functional capacity assessment is supported by his overall and longitudinal treatment records, lack of on-going aggressive treatment, and the lack of consistent back pain complaints, particularly when complaining of a non-severe impairment.

R. 23–24 (citations omitted). Thus, the ALJ articulated several reasons for discrediting plaintiff's subjective complaints. *See* R. 24; *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). The ALJ cites the plaintiff's conservative moderate examination findings, inconsistent use of a cane in

12

his treatment records, normal gait, conservative treatment, lack of surgery, and inconsistent complaints. These factors provide substantial evidence supporting the Commissioner's decision.

The Eleventh Circuit has stated that an ALJ may properly consider a claimant's course of "conservative" treatment as evidence that contradicts a claimant's subjective complaints of disabling symptoms. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996). "A doctor's conservative medical treatment for a particular condition tends to negate a claim of disability." *Sheldon v. Astrue*, 268 F. App'x 871, 872 (11th Cir. 2008) (citing *Wolfe*, 86 F.3d at 1078).

Plaintiff's primary complaint is the ALJ's failure to address the medical evidence regarding the large paracentral disc protrusion at C6-7 with moderate to severe stenosis. However, plaintiff's testimony at the hearing did not attribute his failure to work primarily to his neck problems and, despite his complaints of pain, he indicated he was not even taking medication. As discussed above, the ALJ did address the medical evidence of record related to plaintiff's cervical injury. While the ALJ's discussion regarding plaintiff's cervical injuries was not as in-depth as plaintiff would have liked, the court cannot say the ALJ failed to consider properly plaintiff's cervical complaints.

The court has carefully scrutinized the record, and it concludes that the ALJ's credibility determination is based on substantial evidence that is cited and discussed in the ALJ's written decision. *See* R. 21–24. Because the ALJ articulated specific reasons supporting his conclusion that plaintiff's statements are less than credible, the decision is due to be affirmed on this issue.

## CONCLUSION AND ORDER

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be **AFFIRMED** by a separate judgment.

In addition, it is hereby

**ORDERED** that the plaintiff's motion for an award of EAJA fees and motion for an extension of time to file a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) are **DENIED**. *See* Doc. 13.

Done, on this the 22nd day of May, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge